# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM J. NELSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-01387-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING MOTION FOR NUNC PRO TUNC EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>(ECF Nos. 43, 44) |

On October 3, 2019, Plaintiff Adam J. Nelson ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. On October 6, 2020, an order was filed denying Plaintiff's Social Security appeal and entering judgment in favor of the Commissioner and against Plaintiff. (ECF Nos. 27, 28.) On October 12, 2020, Plaintiff filed a motion for a thirty-day extension of time to file objections to findings and recommendations and an amended motion to file objections to findings and recommendations. (ECF Nos. 29, 30.) The motion was denied as there were no findings and recommendations pending. (ECF No. 31.)

On October 15, 2020, Plaintiff filed a motion for a thirty day extension of time to file a notice of appeal which was granted. (ECF Nos. 32, 33.) Plaintiff filed his notice of appeal on December 9, 2020. (ECF No. 34.)

On January 28, 2021, Plaintiff filed a motion for a three day nunc pro tunc extension of time due to filing his notice of appeal late. (ECF No. 36.) On this same date, Plaintiff filed an

1

amended motion for an extension of time. (ECF No. 37.) On February 4, 2021, the Commissioner filed an opposition to Plaintiff's motion for an extension of time. (ECF No. 39.) On February 8, 2021, Plaintiff filed two replies to Defendant's opposition. (ECF No. 40, 41.) On February 10, 2021, an order issued denying Plaintiff's motion for a nunc pro tunc extension of time to file his notice of appeal. (ECF No. 42.) On February 16, 2021, Plaintiff filed a motion for reconsideration of the order denying the motion for a nunc pro tunc extension of time. (ECF No. 43.) On February 17, 2021, the Commissioner filed an opposition to the motion for reconsideration. (ECF No. 44.)

Initially, Plaintiff seeks and argues reconsideration under Code of Civil Procedure 1008(a).[1] The Court assumes that Plaintiff is moving under the California Code of Civil Procedure which is not applicable in this action brought under the Social Security Act. See In re Larry's Apartment, L.L.C., 249 F.3d 832, 839 (9th Cir. 2001) ("the proper body of law and the one on which parties in federal court can and should adhere to and rely upon is federal, not state, law"). Plaintiff also moves for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Judgment in this action was entered on October 6, 2020, so Plaintiff's motion is untimely under Rule 59. Rather, it appears that Plaintiff is seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure which provides that the Court may relief a party from a final order based on

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

---

[1] Pursuant to section 1008 of the California Code of Civil Procedure,

> (a) When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

Cal. Civ. Proc. Code § 1008(a).

     misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff argues, "The Court should reverse the order – and Nelson's request to extend be approved - because there are new and different facts and circumstances to be considered. These facts were available during the first order; however, the facts and circumstances were both misunderstood by the Court and possibly misstated by Nelson. Because the Court found that Nelson's attorney misunderstood the rules instead of submitting the request to the wrong entity by mistake, Nelson's attorney found it necessary to clarify the facts and circumstances to prove that this mistake would be excusable neglect on his part." Defendant counters that the "new facts" that Plaintiff presents do not warrant relief under the rules he has cited. Further, the Commissioner points out that there are discrepancies between Plaintiff's statement regarding the timeline that he received the motion to dismiss and that Plaintiff clearly labeled the document filed in the Ninth Circuit as an opposition and it was clearly not a motion for an extension of time under Rule 4(a)(5) that was filed with the wrong court.

Plaintiff's contention that the Court misunderstood his argument that excusable neglect was present because he submitted the request for an extension of time to the wrong entity is

incorrect.

The Court reviewed the Ninth Circuit's docket and noted that Plaintiff had submitted his extension of time as an opposition to the Commissioner's motion to dismiss for lack of jurisdiction.

> "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Harvest v. Castro, 531 F.3d 737, 746 (9th Cir. 2008) (quoting Pioneer Invs. Servs. Co., 507 U.S. at 392). Nevertheless, the Ninth Circuit did hold in Pincay that there may be some circumstances in which simple inadvertence could be excusable neglect. Harvest, 531 F.3d at 746. However, in this instance Plaintiff also did not file a request for an extension of time within thirty days of the expiration of his time to file his notice of appeal as required by Rule 4. Plaintiff seeks for the court to excuse this failure by finding additional excusable neglect because he addressed the request for an extension of time at the Ninth Circuit in his opposition to Defendant's motion to dismiss the appeal for lack of jurisdiction. But Plaintiff was aware within the thirty day deadline that his appeal had been filed late and he did not move to receive an extension of time in this Court until after the thirty day deadline set forth by Rule 4 had expired.

(Order Denying Pl.'s Mot. for Nunc Pro Tunc Ext. of Time to File an Appeal, ECF No. 42 at 6.)

While Plaintiff argues that he inadvertently filed the request for an extension of time to file his notice of appeal in the Ninth Circuit, he docketed the document as his "response opposition motion", not a request for an extension of time, which cuts against the argument that he meant to file the notice of appeal in this court and inadvertently filed it in the Ninth Circuit Court of Appeals. (See Ninth Circuit Docket for Case No. 20-17401.) Further, as Defendant argues, the opposition filed in the Ninth Circuit refutes Plaintiff's assertion that it was a motion for an extension of time erroneously filed in the wrong court. The document itself is entitled "Response to Motion to Dismiss Appeal for Lack of Jurisdiction". (Id.) Although Plaintiff does seek to excuse his failure to file a notice of appeal due to an inadvertent mistake, the document is addressed to the Ninth Circuit and does not cite Rule 4. (Id.) Review of this document leads the Court to conclude that it was not a request for an extension of time directed to the district court and inadvertently filed in the Ninth Circuit, but that Plaintiff filed it as an opposition to the motion to dismiss.

Further, in addressing the pattern of neglect exhibited by counsel in this matter, the Court found that Plaintiff's notice of appeal was filed after the time provided by the Rule and he was

arguing excusable neglect due to a calendaring error. Plaintiff filed his request for an extension of time as an opposition to the motion to dismiss in the Ninth Circuit which he was arguing was excusable neglect because he inadvertently filed it in the wrong court. Then he argued further excusable neglect by seeking to avoid the time frame of Rule 4 with his nunc pro tunc motion in this court. Finally, Defendant filed his reply on December 29, 2020, and Plaintiff did not file the request for a nunc pro tunc extension of time in this Court until a month later on January 28, 2021. (ECF Nos. 36, 39-1.) The Court found in the order denying the request that counsel had exhibited a pattern of neglect that counselled against finding the neglect to be excusable. (ECF No. 42 at 6.)

Plaintiff did not file his motion in this Court within the thirty day time frame provided by Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Rule 4(a)(5) provides that the Court may extend time for a notice of appeal to be filed if the party so moves within thirty days of the time proscribed by Rule 4(a). Fed. R. App. P. 4(a)(5)(A)(i). The Rule states that the Court may extend time where the party shows excusable neglect or good cause, "regardless of whether its motion is filed **before or during** the 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(ii) (emphasis added). Plaintiff has not cited to any legal authority allowing a motion for an extension of time to be filed in the district court outside of the thirty days provided by Rule 4.

> [T]he Rule "does not authorize late motions [for an extension of time]." U.S. ex rel. Haight, 602 F.3d at 954 (noting that a motion for an extension filed beyond this 30-day period was untimely). Where a party has failed to file a timely motion to extend, a "nunc pro tunc extension under Rule 4(a)(5) ... would be futile, because [a] district court [is] prohibited from granting an extension in the absence of a timely motion." Id. at 957 (citation omitted).

(ECF No. 42 at 7.)

Plaintiff has failed to demonstrate new or different facts that did not exist at the time that he filed his motion, and the Court did consider and reject his argument that it was excusable neglect that he failed to file his notice of appeal in the district court within the timeline provided by Rule 4(a)(5).

/ / /

5

Accordingly, Plaintiff's motion for reconsideration of the order denying his nunc pro tunc request for an extension of time is DENIED.

IT IS SO ORDERED.

Dated: **February 19, 2021**

UNITED STATES MAGISTRATE JUDGE